FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTERVENOR v. UNITED STATES, DEFENDANT, AND SKF USA INC., SKF (U.K.) LTD., AND PRATT & WHITNEY CANADA INC., DEFENDANT-INTERVENORS

Court No. 91–07–00528

FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTERVENOR v. UNITED STATES, DEFENDANT, AND SKF USA INC. AND SKF SVERIGE AB, DEFENDANT-INTERVENORS

Court No. 91–07–00529

FEDERAL-MOGUL CORP., PLAINTIFF AND PLAINTIFF-INTERVENOR, AND TORRINGTON CO., PLAINTIFF AND PLAINTIFF-INTERVENOR v. UNITED STATES, DEFENDANT, AND NTN BEARING CORP. OF AMERICA, AMERICAN NTN BEARING MANUFACTURING CORP., NTN CORP., KOYO SEIKO CO., LTD., KOYO CORP. OF U.S.A., PEER BEARING CO., NSK LTD., NSK CORP., CATERPILLAR INC., MINEBEA CO., LTD., AND NMB CORP., DEFENDANT-INTERVENORS

Consolidated Court No. 91–07–00530 and 91–08–00569

FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTERVENOR v. UNITED STATES, DEFENDANT, AND SKF USA INC., SKF FRANCE, S.A., SNR ROULEMENTS, SNR BEARINGS, USA, INC., EUROCOPTER FRANCE, AEROSPATIALE HELICOPTER CORP., AND PRATT & WHITNEY CANADA INC., DEFENDANT-INTERVENORS

Court No. 91–07–00531

FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTERVENOR v. UNITED STATES, DEFENDANT, AND SKF USA INC., SKF INDUSTRIE, S.P.A., AND FAG CUSCINETTI S.P.A., DEFENDANT-INTERVENORS

Court No. 91–07–00532

FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC., SKF GMBH, GMN GEORG MULLER NURNBERG AG, INA WALZLAGER SCHAEFFLER KG, INA BEARING CO., INC., NTN BEARING CORP. OF AMERICA, NTN KUGELLAGERFABRIK (DEUTSCHLAND) GMBH, FAG KUGELFISCHER GEORG SCHAFER KGAA, AND PRATT & WHITNEY CANADA INC., DEFENDANT-INTERVENORS

Court No. 91–07–00533

TORRINGTON CO., PLAINTIFF, AND FEDERAL-MOGUL CORP., PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC., SKF FRANCE, S.A., AEROSPATIALE DIVISION HELICOPTERES, AND AEROSPATIALE HELICOPTER CORP., DEFENDANT-INTERVENORS

Court No. 91–08–00562

TORRINGTON CO., PLAINTIFF, AND FEDERAL-MOGUL CORP., PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC., SKF GMBH, GMN GEORG MULLER NURNBERG AG, NTN BEARING CORP. OF AMERICA, NTN KUGELLAGERFABRIK (DEUTSCHLAND) GMBH, CATERPILLAR INC., FAG KUGELFISCHER GEORG SCHAFER KGAA, INA WALZLAGER SCHAEFFLER KG, INA BEARING CO., INC., MESSERSCHMITT-BOELKOW-BLOHM, GMBH, AND MBB HELICOPTER CORP., DEFENDANT-INTERVENORS

Court No. 91–08–00567

TORRINGTON CO., PLAINTIFF, AND FEDERAL-MOGUL CORP., PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC., SKF INDUSTRIE, S.P.A., AND FAG CUSCINETTI S.P.A., DEFENDANT-INTERVENORS

Court No. 91–08–00568

(Dated May 16, 1996)

ORDER

TSOUCALAS, *Judge:* Pursuant to Court Orders of November 13, 1995, November 22, 1995, December 1, 1995, January 2, 1996 and January 4, 1996, this Court remanded to the Department of Commerce, International Trade Administration ("Commerce") the final results of administrative reviews entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany, France, Italy, Japan, Romania, Singapore, Sweden, Thailand and the United Kingdom Initiation of Antidumping Administrative Reviews ("Final Results"),* 55 Fed. Reg. 23,575 (June 11, 1990). The remands pertained to antifriction bearings (other than tapered roller bearings) and parts thereof ("AFBs") from Japan, France, Germany, Italy, the United Kingdom and Sweden which were produced by NTN

Corporation (NTN-Japan), Koyo Seiko Corporation ("Koyo"), SNR Roulements ("SNR"), SKF Industrie, S.p.A. ("SKF-Italy"), FAG Cuscinetti S.p.A. (FAG-Italy), NTN Kugellagerfabrik GmbH (NTN-Germany), FAG Kugelfischer Georg Schafer KGaA ("FAG-Germany"), GMN Georg Muller Nurnberg AG ("GMN"), SKF (U.K.) Ltd. ("SKF-UK"), SKF Sverige AB (SKF-Sweden), SKF France, S.A. ("SKF-France") and SKF GmbH ("SKF-Germany"). The Final Results covered the period November 9, 1988 through April 30, 1990.

In *Federal-Mogul Corp. v. United States,* 63 F.3d 1572 (Fed. Cir. 1995), the United States Court of Appeals for the Federal Circuit ("CAFC") held that Commerce is not precluded from achieving tax neutrality by adding to United States price ("USP") the amount of the tax collected in the home market and afforded Commerce the discretion to return to a tax-neutral methodology in accounting for value added tax ("VAT").[1] Decisions and mandates by the CAFC Appeal Nos. 94–1183, 94–1184, 94–1198, 94–1148, 94–1182, 94–1149, 94–1187, 94–1175, 94–1150, 94–1151, 94–1344, 95–1142, 94–1188 and 94–1185, echoed that position. The judicially approved methodology adds the absolute amount of the consumption taxes on home market sales to the U.S. price in accordance with the CAFC's observation in footnote 4 of *Zenith Elecs. Corp. v. United States,* 988 F.2d 1573, 1582 (1993), that the statute allows such an adjustment.

In the above-captioned cases, the Court directed Commerce to recalculate the final dumping margins at issue by implementing a tax-neutral adjustment methodology based on the amounts of foreign taxes rather than the tax rates to establish the dumping margins. Commerce has complied with the Court's directive and has filed with the Court its redetermination entitled *Federal-Mogul Corporation and The Torrington Company v. United States, Slip Op. 95–179 (November 13, 1995); Slip Op. 95–188, Slip Op. 95–189, Slip Op. 95–190, Slip Op. 95–191 (November 22, 1995); Slip Op. 95–196 (December 1, 1995); Slip Op. 96–1, Slip Op. 96–2, Slip Op. 96–3, Slip Op. 96–4, Slip Op. 96–5, Slip Op. 96–6 (January 2, 1996); Slip Op. 96–9, Slip Op. 96–10 (January 4, 1996), Final Results of Redetermination Pursuant to Court Remand ("Remand Results").*

Thus, for these final Remand Results, "when merchandise exported to the United States is exempt from the VAT, [Commerce] added to USP the absolute amount of such taxes charged on the comparison sales in the home markets." *Remand Results* at 6. Commerce recalculated the final dumping margins for Koyo, NTN-Japan, SNR, SKF-Italy, FAG-Italy, NTN-Germany, FAG-Germany, GMN, SKF-UK, SKF-Sweden, SKF-France and SKF-Germany by implementing a tax-neutral adjustment methodology based on the amounts of the VATs in the markets of

---

[1] Commerce subsequently informed the Court that it wished to return to the tax-neutral methodology that was found by the appellate court to be reasonable.

production, rather than the tax rates.[2] Therefore, the Remand Results filed by Commerce on March 4, 1996 are affirmed in all respects.

---

[2] Commerce notes:

For respondents Koyo and NTN Japan, this methodology was employed, respectively, in the Department's *Final Results of Redetermination Pursuant to Court Remand,* submitted to the CIT on June 28, 1993 *(Federal-Mogul Corporation v. United States,* Slip Op. 93–17, and *The Torrington Company v. United States,* Slip Op. 93–44) and on September 27, 1993 *(NTN Bearing Corporation of America v. United States,* Slip Op. 93–129). No intervening court orders have changed other methodologies we employed in the final results of administrative review; therefore, we have continued the margin results determined in the redeterminations pursuant to Slip Op. 93–17 and Slip Op. 93–44, and Slip Op. 93–129.

*Remand Results* at 9.